Honorable W. J. Estelle, Jr. Director Texas Department of Corrections P. O. Box 99 Huntsville, Texas 77340
Re: Classification of inmates as state approved trusties
Dear Mr. Estelle:
You have asked our opinion concerning the authority of the Texas Department of Corrections to classify certain inmates as trusties. Your first question is:
 Does the Texas Department of Corrections have the discretion to classify an inmate who has served a portion of the Texas sentence in the actual custody of federal authorities, another state's penitentiary or a jail, as a state approved trusty?
Article 6184a, V.T.C.S., provides in pertinent part:
 Any person serving a prison sentence of one or more years in the Texas State Penitentiary, who has a good prison record may be appointed a trusty after he shall have served three months in the ranks, and not before. . . .
Article 6184a, V.T.C.S., permits the appointment of an inmate as trusty only after he has served three months `in the ranks.' In our opinion, service in the ranks refers to time spent as an inmate in one of the classifications established by article 6181-1, V.T.C.S. Inmates are classified according to conduct as soon as practicable after they reach the prison. The statute providing for the appointment of trusties was enacted after the statute requiring classification of prisoners and apparently in reference to it. See Acts 1925, 39th Leg., ch. 19, at 46; Acts 1910, 31st Leg., 4th C.S., ch. 10, § 33, at 151.
Article 6184a, in our opinion, permits the appointment of an inmate as trusty only after he has served three months in the actual custody of the prison. Thus, time served in the actual custody of federal authorities, another state's penitentiary or a jail would not count toward his three months service `in the ranks.'
You next ask the following question:
 Does the Texas Department of Corrections have the discretion to classify an inmate who is a parole violator or mandatory supervision returnee as a state approved trusty retroactively for the period of incarceration prior to his release on parole or mandatory supervision?
We are of the opinion that the Texas Board of Corrections does not have the discretion to classify an inmate who is a parole violator or mandatory supervision returnee as a state approved trusty until at least twelve months after the inmate's return to the Texas Department of Corrections.
Our opinion is based upon article 6184F, V.T.C.S., which states in part, `[w]henever a convict violates his trust or his conduct is such that he makes himself objectionable to the citizens of the community in which he is located . . . such convict shall not thereafter be eligible to appointment as a trusty for twelve months.' We believe that a parole violator or returnee from mandatory supervision has conducted himself in an objectionable manner; if not, he would not have been returned to the Texas Department of Corrections. The inmate's return to the Texas Department of Corrections in itself could be construed as a violation of his trust and would fall within the purview of article 6184f, V.T.C.S.
 SUMMARY
The Texas Board of Corrections may classify an inmate as a state approved trusty after he has served three months in the custody of the Texas Department of Corrections. The board's discretion in classifying an inmate as a trusty where the inmate is a parole violator or mandatory supervision returnee cannot be exercised within twelve months after the inmate's return to the Texas Department of Corrections.
Very truly yours,
 Mark White Attorney General of Texas
 John V. Fainter, Jr. First Assistant Attorney General
 Richard E. Gray III Executive Assistant Attorney General
 Prepared by Susan L. Garrison Assistant Attorney General